IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Organizational Strategies, Inc., Integration Casualty Corp., Systems Casualty Corp., and Optimal Casualty Corp.,**<br><br>Plaintiffs,<br><br>v.<br><br>**The Feldman Law Firm LLP, Stewart A. Feldman, Capstone Associated Services (Wyoming) LP, Capstone Associated Services, Ltd., and Capstone Insurance Management, Ltd.,**<br><br>Defendants. | Civil Action No. 13-764-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendants' Motion for Clarification or Reconsideration of the Court's February 12, 2014 Memorandum Opinion (D.I. 52) and related briefing. (D.I. 53, 60).[1]

The Defendants do not seek clarification of the Court's Order, which consisted of two sentences, the relevant one of which stated, "For the reasons discussed in the accompanying memorandum, it is hereby ordered: Defendants' motions to dismiss for lack of subject matter jurisdiction (D.I. 24, 40) are **GRANTED**." (D.I. 51).

The Defendants instead seek clarification of the "accompanying memorandum," in which I held that there was a valid agreement to arbitrate. (D.I. 50 at 6). In reaching this conclusion, I determined that a clause stating "venue and jurisdiction shall be in Delaware" did not negate the

---

[1] There has been some sniping about whether D.I. 60 was properly filed. (*See* D.I. 61 & 63). Without deciding whether the document was properly filed, the Court will exercise its discretion and consider it.

1

relevant arbitration language, and held that "disputes must be resolved by a Delaware arbitrator." (D.I. 50 at 6). Defendants contend that this is a ruling on arbitration venue, which is outside the Court's jurisdiction, and ask that the Court clarify or reconsider this holding.

As Defendants point out, venue is a procedural issue which is left to the arbitrator. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002); *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452-53 (2003). It appears that certain language I used in the Memorandum Opinion was indeed imprecise. In the opinion, I referred to the "Delaware venue clause" (D.I. 50 at 5), which is a shorthand, and not particularly accurate, description of the relevant clause, as the clause to which I was referring actually states "venue and jurisdiction shall be in Delaware." (D.I. 30-1 at 28). Thus, the clause does not solely address venue, but jurisdiction as well. In order to reconcile this clause with the arbitration clause, which I thought was necessary to construe the contractual framework, I needed to harmonize disparate provisions dealing with (1) arbitration, (2) the resolution of certain issues by the Houston Bar Association's Fee Dispute Committee, (3) the resolution of "Article V" disputes in the courts "located in Harris County, Texas," and (4) the resolution of disputes for which "venue and jurisdiction shall be in Delaware."

In explaining my reasoning, I interpreted the contractual framework to require that there were certain disputes which "must be resolved by a Delaware arbitrator." It would have been more precise to state that the integrated agreement provided that those disputes were to be resolved by arbitration for which "venue and jurisdiction shall be in Delaware."

I do not believe that explaining my reasoning invades the province of the arbitrator. I also do not believe that it is appropriate or necessary to opine whether any particular arbitration would or would not comply with the integrated agreement. I agree with Defendants that it is for the arbitrator, in the first instance, to make that decision.

2

For the reasons discussed above, it is hereby ordered:

Defendants' Motion for Clarification or Reconsideration of the Court's February 12, 2014 Memorandum Opinion (D.I. 52) is **GRANTED**. The Memorandum Opinion is **CLARIFIED** as stated above.

Entered this 29th day of May, 2014.

*Richard G. Andrews*
United States District Judge