IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Organizational Strategies, Inc., Integration Casualty Corp., Systems Casualty Corp., and Optimal Casualty Corp.,** <br><br> Plaintiffs, <br><br> v. <br><br> **The Feldman Law Firm LLP, Stewart A. Feldman, Capstone Associated Services (Wyoming) LP, Capstone Associated Services, Ltd., and Capstone Insurance Management, Ltd.,** <br><br> Defendants. | Civil Action No. 13-764-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Motion For a Summary Proceeding to Compel Arbitration Pursuant to 9 U.S.C. § 4 (D.I. 54) and Defendants' Opposition to Plaintiffs' Motion to Compel. (D.I. 67). In the Court's Memorandum Opinion regarding the motion to dismiss, I held that there was a valid agreement to arbitrate and dismissed the case for lack of subject matter jurisdiction. (D.I. 50 & 51). Consistent with that finding, Plaintiffs ask that I compel arbitration.

Section 4 of the Federal Arbitration Act ("FAA") provides that if the neglect or failure to perform under an arbitration agreement is at issue, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. If there is no jury demand, "the court shall hear and determine such issue." *Id*. I have previously decided that there is a valid agreement to arbitrate, and the parties agreed that their disputes fall under this agreement. (D.I. 50). Therefore, unless there is a reason not to grant Plaintiffs' motion to compel arbitration, I should do so.

Defendants make four arguments why I should not. First, that the motion to compel should be dismissed on procedural grounds. Second, that the Delaware arbitrator's authority has expired. Third, that arbitration should not proceed when multiple arbitrations might occur. Fourth, that Plaintiffs waived Delaware as the site of the arbitral forum. I disagree.

As to the procedural defects, Defendants argue that because the docket had been closed, only motions for relief from the Court's opinion could be filed, per FED. R. CIV. P. 59, 60 and D. Del. LR 7.1.5. (D.I. 67 at 3). Defendants argue that the motion to compel does not seek relief, and therefore Plaintiffs were required to file a new action. In failing to do so, Defendants allege that Plaintiffs circumvented procedural issues such as federal jurisdiction and service. Essentially, Defendants argue that because I already ruled that there is a valid arbitration agreement, I lack subject matter jurisdiction to make any further rulings. I disagree. While Defendants are correct that the FAA provides no independent basis for jurisdiction by itself, Section 4 provides for an order to compel when "save for such [arbitration] agreement, [the Court] would have jurisdiction under Title 28." 9 U.S.C. § 4. While I do not have jurisdiction to entertain the merits of the underlying dispute, I have jurisdiction to direct that the parties arbitrate.

I note that it was the Defendants who removed this case to federal court on the basis of diversity jurisdiction. (D.I. 24 at 2 ¶ 3). Thus, "save for such [arbitration] agreement," this Court would have had jurisdiction over the merits of the underlying dispute. Defendants previously cited a case describing my authority to reach the merits dispute as a jurisdictional issue. (D.I. 24 at 3 ¶ 6). It might be more accurate to describe the FAA as a federal mandate to enforce a contract according to its terms, *i.e.*, an agreement to arbitrate. *See Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999) ("If, however, a court deems a controverted arbitration

2

clause a valid and enforceable agreement, it must refer questions regarding the enforceability of the terms of the underlying contract to an arbitrator, pursuant to section four of the FAA.") (internal citation omitted). While I dismissed this case for lack of subject matter jurisdiction over the underlying dispute, I believe I have subject matter jurisdiction to grant the motion to compel arbitration.

As for the argument that the chosen arbitrator's authority has expired, such procedural issues are left to the arbitrator. *See Bell Atl.-Pennsylvania, Inc. v. Commc'ns Workers of Am., AFL-CIO, Local 13000*, 164 F.3d 197, 201 n.4 (3d Cir. 1999) (quoting a case for the proposition that "Timeliness is a procedural issue [for] the arbitrator to decide"). As for the fact that multiple arbitration hearings might occur, such things happen in litigation.[1] Lastly, the fact that Defendants at one time offered to conduct a split arbitration in Texas and Delaware, with presentation of evidence in both locations, is irrelevant. *See id.* (quoting a case for the proposition that "matters relating to compliance with the grievance procedure or a waiver were matters for the arbitrator.").

Plaintiffs' Motion For a Summary Proceeding to Compel Arbitration Pursuant to 9 U.S.C. § 4 (D.I. 54) is **GRANTED**. The parties are directed to proceed in arbitration.

Entered this 29th day of May, 2014.

Richard G. Andrews
United States District Judge

---

[1] Presciently, the integrated agreement "expressly recognized that parallel proceedings may thereby result" from its varied dispute resolution procedures. (D.I. 30 at 28).

3